UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
:
PRIVATE JET SERVICES GROUP, LLC   :
:
        Plaintiff,   :      Civil Action No. 1:23-cv-210
:
v.   :
:
:
TWITTER, INC.   :
:
        Defendant.   :
_____:

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant X Corp., as successor in interest to named Defendant Twitter, Inc. ("Twitter"), by and through its attorneys, Bernstein, Shur, Sawyer & Nelson, P.A., hereby removes this action from the Superior Court of the State of New Hampshire, Merrimack County, to the United States District Court for the District of New Hampshire. In support of this Notice of Removal, Twitter states as follows:

**I.   INTRODUCTION**

1.     Plaintiff, Private Jet Services Group, LLC ("Plaintiff" or "PJS") commenced this action by filing a Complaint in Superior Court on or about February 17, 2023.[1] A copy

---

[1] The lawsuit was initially filed in the United States District Court for the District of New Hampshire on December 12, 2022. *See* Case No. 22-cv-548-JL (the "Initial Action"). After Twitter filed a Motion to Dismiss, PJS filed an Amended Complaint, and this Court denied the Motion to Dismiss without prejudice in light of the Amended Complaint. PJS then voluntarily dismissed the Initial Action and re-filed it in state court.

of Plaintiff's Complaint is attached hereto as **Exhibit A** and is incorporated by reference as though fully set forth herein.

2. Plaintiff's Complaint alleges breach of contract, breach of quasi-contract, and unjust enrichment. *See* Ex. A, ¶¶ 26–36.

3. Twitter now files this Notice of Removal of the action to this Court on the basis of federal diversity jurisdiction as Twitter and PJS are citizens of different states and the amount in controversy exceeds $75,000.

## II. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1441 and 1332.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been originally filed in this Court under 28 U.S.C. §1332, in that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this is a civil action between citizens of different states.

### A. There is Complete Diversity of Citizenship between Plaintiff and Defendant.

5. "For purposes of diversity jurisdiction . . . a limited liability company . . . is deemed to be a citizen of every state of which any of its members is a citizen." *Champney v. Apple New England, LLC*, 557 F. Supp. 3d 337, 338 (D.N.H. 2021) (*citing D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011)).

6. In the Complaint, PJS states that it is a Florida limited liability company with a principal place of business in Miami Beach, Florida. *See* Ex. A, ¶ 2. Further, PJS previously filed and then voluntarily dismissed this lawsuit in this Court. *See* Footnote 1, *supra* (referring to the "Initial Action"). In connection with the Initial Action, PJS filed a Diversity Disclosure Statement stating that it and its members are all citizens of Florida. *See* **Exhibit**

**B**, Private Jet Services Group, LLC's Diversity Disclosure Statement. Accordingly, PJS is a citizen of Florida for purposes of diversity.

7. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1).

8. The Complaint alleges that Twitter is incorporated in the State of Delaware and maintains its principal place of business at 1355 Market Street, San Francisco, California. *See* Ex. A, ¶ 3. That was accurate when PJS filed the Complaint.

9. On March 15, 2023, Twitter merged into X Corp., a Nevada corporation. *See* **Exhibit C**, Declaration of A. von Husen, at ¶ 4; **Exhibit C-1**, Delaware Secretary of State Filings; **Exhibit C-2**, Nevada Secretary of State Filings.

10. The merger with X Corp. did not relocate Twitter's principal place of business, which remains in California. *See* Ex. A, ¶ 3.

11. For purposes of diversity jurisdiction, Twitter is thus a citizen of the States of Nevada and California. 28 U.S.C. §1332(c)(1).

12. Removal to this Court is therefore appropriate as complete diversity between the parties existed both at the time PJS commenced this action before the Superior Court and at the time of the filing of the within Notice of Removal. *Stevens v. Nichols*, 130 U.S. 230, 231 (1889).

    **B.**    **The Amount in Controversy Exceeds $75,000.**

13. In its Complaint, Plaintiff states that it "complains against Twitter, Inc. ('Twitter') for breach of contract, and in the alternative for breach of quasi-contract, and in

the alternative for unjust enrichment, because Twitter refuses to pay $197,725 for private air charter passenger transportation services that it booked and accepted, and that PJS provided for its executive on October 26 and 27, 2022." Ex. A, ¶ 1.

14. Thus, by the plain terms of the Complaint, $197,725 is "the sum demanded in good faith in the initial pleading" and therefore "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

15. Although Twitter disputes Plaintiff's claims as to both liability and damages, the amount in controversy in this case far exceeds the $75,000 jurisdictional minimum necessary for removal.

### III. THIS COURT IS THE PROPER VENUE

16. The Superior Court for the County of Merrimack in the State of New Hampshire is located within the District of New Hampshire. *See* 28 U.S.C. § 109. Thus, venue is proper in this Court as it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### IV. PLEADINGS AND PROCESS

17. As required by 28 U.S.C. § 1446(a), Twitter has attached to this Notice of Removal copies of all state court process and pleadings. *See* Ex. A; *see also* **Exhibit D**, Summons; **Exhibit E**, Acceptance of Service.

18. Pursuant to 28 U.S.C. § 1446(d), Twitter is contemporaneously filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of New Hampshire, Merrimack County, the state court in which this action is currently pending, and will serve a copy of this Notice of Removal on all parties to this removed action.

## V. CONCLUSION

19. In filing this Notice of Removal, Twitter does not waive and specifically reserves any and all defenses and does not admit any of the allegations in Plaintiff's Complaint.

20. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and notice is hereby given that Twitter removes this case from the Superior Court of the State of New Hampshire, Merrimack County, to the United States District Court for the District of New Hampshire.

## VI. DEMAND FOR JURY TRIAL

21. Defendant herein asserts its right to a jury trial on all issues triable thereto.

Respectfully Submitted,
Defendant X CORP., as successor in interest to named Defendant TWITTER, INC.

By its attorneys,
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.

Date: March 27, 2023

/s/ *Edward J. Sackman*
Edward J. Sackman, N.H. Bar # 19586
Matthew J. Miller, N.H. Bar # 271594
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105
nsackman@bernsteinshur.com
mmiller@bernsteinshur.com
(603) 623-8700

## **CERTIFICATE OF SERVICE**

     I hereby certify that copies of the foregoing were this day served via email and first-class mail upon the following:

Timothy J. McLaughlin, Esquire
Shaheen & Gordon, P.A.
P.O. Box 2703
Concord, NH 03302
tmclaughlin@shaheengordon.com

Date: March 27, 2023             */s/ Edward J. Sackman*
                                                     Edward J. Sackman, Esquire