UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

PRIVATE JET SERVICES GROUP, LLC,

   plaintiff,

   v.

TWITTER, INC.,

   defendant.

Civil Action No.: 1:23-cv-210-PB

**PLAINTIFF'S SURREPLY
TO DEFENDANT'S MOTION TO DISMISS**

Private Jet Services Group, LLC ("PJS") files this Surreply to briefly address issues raised in the Reply (Doc. No. 10) filed by X Corp. as successor in interest to Twitter, Inc. ("Twitter") in support of its Motion to Dismiss (Doc. No. 6).

**I.     Clarity Is Not Materiality.**

Twitter argues that the Designated Representative provision is "emphatic," "direct" and contains bold print.  None of these factors is relevant as to whether the Designated Representative provision is material.  Ambiguity is not a factor courts consider when deciding materiality.  Rather, a "breach is 'material' if: (1) 'a party fails to perform a substantial part of the contract or one or more of its essential terms or conditions'; (2) 'the breach substantially defeats the contract's purpose'; or (3) 'the breach is such that upon a reasonable interpretation of the contract, the parties considered the breach as vital to the existence of the contract.'"  *Found for Seacoast Health v. Hosp. Corp. of Am.*, 164 N.H. 168, 182 (2013) (quoting *Ellis v. Candia Trailers & Snow Equip., Inc.*, 164 N.H. 457, 466 (2012)).  In each of these factors, the question is one of fact, not law.  *See Ellis*, 164 N.H. at 466 ("Whether a breach of contract is material is a

question of fact."). Twitter also cites *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007) for the proposition that a material breach can be decided as a matter of law "where the inferences are certain." *Id.* at 186. However, the full quote is: "The issue of whether a party has substantially performed is *usually a question of fact* and should be decided as a matter of law only where the inferences are certain." *Id.* at 186-87. Here, PJS has pled allegations that the Designated Representative provision is not material, and those allegations require resolution on the facts.

Twitter's additional argument that the purpose of the Designated Representative provision was to "protect" Twitter is also a fact issue that requires resolution on the merits. The alleged booked, accepted, and performed flights were not instances of a rogue low-level Twitter employee taking flights at Twitter's expense. Twitter booked trips for its CEO, CFO and other top executives. (Doc. 1-1), ¶¶ 10 and 11.a. through 11.j. *See Fuller Ford, Inc. v. Ford Motor Co.,* No. CIV. 00-530-B, 2001 WL 920035, at *8 (D.N.H. Aug. 6, 2001) ("[i]n evaluating a claim of apparent authority, a court must ascertain whether "an ordinarily prudent person, conversant with [the relevant industry], would be justified in assuming" that the alleged agent possessed the authority to perform the act in question."). Here, multiple trips were taken by the most senior executives at Twitter, and these trips were booked, accepted, and paid for not in conformity with the Designated Representative provision. As alleged in PJS's complaint, the trips at issue were explicitly authorized by the then-CEO of Twitter. (Doc. 1-1), ¶ 20. Taking PJS's allegations and inferences in a light most favorable to its claims, PJS has alleged that the Twitter employees booking the trips had authority to do so, which requires resolution on the facts.

## II.   Course of Performance Is an Issue of Fact That PJS Has Pled and Supported.

Twitter ignores allegations pled by PJS and explained in its objection, including that the Amendment or Anti-Waiver provision was overcome by the course of conduct. (Doc. 9), at 10. PJS has specifically alleged examples of flights that Twitter paid for that Twitter did not book and accept in conformance with the Designated Representative provision. (Doc. 1-1), ¶¶ 10 and 11.a. through 11.j. Twitter argues that it is extraordinarily difficult for a party to overcome an anti-waiver claim, and cites *Prime Financial Group, Inc. v. Masters*, 141 N.H. 33 (1996), for the proposition that a party "must establish that the course of performance waived both the term *and* anti-waiver provision." (Doc. 10), at 4. However, Twitter omits the statement from *Prime Financial Group* that "[t]he waiver of the in-writing clause, however, may itself be implied from the conduct of the parties." 141 N.H. at 37. PJS has pled that the parties' conduct waived the Designated Representative provision.

## III.   Twitter Is Estopped from Claiming that Quasi-Contract/Quantum Meruit Does Not Apply.

Twitter argues it is not liable for expenses incurred by employees who sought and obtained air charter passenger transportation services on its behalf. It claims to need "protection" from the "unauthorized" booking of air charter passenger transportation services. If, as Twitter argues, those bookings were expressly outside of the contract between the parties, then Twitter cannot then claim that the existence of an inapplicable contract forecloses a quasi-contract claim. PJS has alleged facts to plausibly support a finding that there was a quasi-contract and/or unjust enrichment.

WHEREFORE, PJS respectfully requests that the Court:

  A. Deny Defendant's Motion to Dismiss; and

  B. Grant such further relief as is necessary and proper.

|  |  |
|---|---|
|  | Respectfully filed,<br>PRIVATE JET SERVICES GROUP, LLC,<br><br>By its attorneys,<br>SHAHEEN & GORDON, P.A., |
| May 1, 2023 | /s/ Timothy McLaughlin<br>Timothy J. McLaughlin (NH bar # 19570)<br>Olivia F. Bensinger (NH bar # 274145)<br>Jay M. Buckey (NH bar #20553)<br>107 Storrs Street<br>P.O. Box 2703<br>Concord, NH 03302<br>(603) 617-3035<br>tmclaughlin@shaheengordon.com<br>obensinger@shaheengordon.com<br>jbuckey@shaheengordon.com |

**Certificate of Service**

I certify that the foregoing filing is being served upon all counsel of record via the Court's CM/ECF system.

/s/ Timothy McLaughlin
Timothy J. McLaughlin