UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
:
PRIVATE JET SERVICES GROUP, LLC   :
:
       Plaintiff,   :   Civil Action No. 1:23-cv-210-PB
:
v.   :   **JURY TRIAL REQUESTED**
:
:
TWITTER, INC.   :
:
       Defendant.   :
_____:

### DEFENDANT'S ANSWER

NOW COMES X Corp., as successor in interest to named Defendant Twitter, Inc. ("Twitter"), and answers the Complaint as follows.

1. Admitted Plaintiff Private Jet Services Group, LLC ("PJS") has filed suit against Twitter for breach of contract, and in the alternative breach of quasi-contract, and in the alternative for unjust enrichment. Otherwise denied.

### PARTIES

2. Twitter does not have knowledge or information sufficient to form a belief about the allegations in this paragraph and therefore denies the same.

3. Denied. By way of further response, X Corp., as successor in interest to named Defendant Twitter, Inc. is a Nevada corporation with a principal place of business in California.

## JURISDICTION AND VENUE

4. Denied because the allegations in this paragraph refer to the subject matter jurisdiction of the New Hampshire Superior Court. By way of further response, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. Admitted that this Court has personal jurisdiction over Twitter. The allegations concerning whether Twitter has transacted business within New Hampshire are denied. The allegations concerning the parties' agreement refer to a document that speaks for itself. Any characterizations thereof are denied.

6. Denied because the allegations in this paragraph refer to venue in the New Hampshire Superior Court. By way of further response, venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1441(a).

## ALLEGATIONS

7. Twitter does not have knowledge or information sufficient to form a belief about the allegations characterizing the nature of PJS's own business, and therefore denies the same.

8. Admitted.

9. Admitted that the Blanket Purchase Agreement ("BPA") allowed Twitter to book certain air charter transportation via PJS. The BPA is a document that speaks for itself and any characterization thereof is denied. Otherwise denied.

10. Admitted that Twitter booked and paid for certain air charter transportation services with PJS. The remaining allegations regarding the BPA purport to characterize a document that speaks for itself and are denied. Otherwise denied.

11. Denied that Twitter booked and accepted air charter passenger transportation services not in conformation with the BPA's Designated Representative process.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

    i. Denied.

    j. Denied that the flights referenced in this subparagraph were not booked and accepted in conformance with the BPA. Admitted that Twitter paid for the flights. Otherwise denied.

12. Admitted that on October 25, 2022 a former Twitter employee named Taylor DeLorenzo, who is not one of the Designated Representatives under the BPA, communicated in writing with PJS. Those communications are writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

13. Twitter does not have knowledge or information sufficient to form a belief about the allegations regarding what PJS arranged, confirmed, and provided, and therefore denies the same. Twitter denies the remainder of the allegations in this paragraph.

14. Admitted that on October 26, 2022, PJS invoiced Twitter $103,850.00, with cash payment due by November 2, 2022. Otherwise denied.

15. Admitted that on October 27, 2022 a former Twitter employee named Cynthia Ancheta, who is not one of the Designated Representatives under the BPA, communicated in writing with PJS. Those communications are writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

16. Twitter does not have knowledge or information sufficient to form a belief about the allegations regarding what PJS arranged, confirmed, and provided, and therefore denies the same. Twitter denies the remainder of the allegations in this paragraph.

17. Admitted that on October 27, 2022, PJS invoiced Twitter $93,875.00, with cash payment due by November 3, 2022. Otherwise denied.

18. Twitter does not have knowledge or information sufficient to form a belief about the allegations regarding how the October 26, 2022 and October 27, 2022 flights were priced and therefore denies the same. Otherwise denied.

19. Denied.

20. Admitted that Twitter has not paid the purported invoices that PJS has sent it for the flights on October 26, 2022 and October 27, 2022. Otherwise denied.

21. Admitted that on November 16, 2022 a Twitter employee named Marty O'Neill communicated in writing with PJS. Those communications are writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

22. Admitted that on November 16, 2022 a former Twitter employee named Taylor DeLorenzo communicated in writing with Marty O'Neill. Those communications are writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

23. Admitted that on November 16, 2022 a Twitter employee named Marty O'Neill communicated in writing with a former Twitter employee named Taylor DeLorenzo. Those communications are writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

24. The allegations in this paragraph refer to writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

25. The allegations in this paragraph refer to writings that speak for themselves and any characterizations thereof are denied. Otherwise denied.

## COUNT I – BREACH OF CONTRACT

26. Twitter incorporates all statements in this Answer as if fully set forth in this paragraph.

27. Denied.

28. Denied.

## COUNT II – BREACH OF QUASI-CONTRACT

29. Twitter incorporates all statements in this Answer as if fully set forth in this paragraph.

30. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, they are denied.

31. Denied.

32. Denied.

## COUNT III – UNJUST ENRICHMENT

33. Twitter incorporates all statements in this Answer as if fully set forth in this paragraph.

34. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, they are denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. PJS materially breached the BPA thereby relieving Twitter of complying with the same.

3. Twitter is relieved from performing under the BPA due to failure of a condition precedent.

4. This action is barred by the doctrines of estoppel, waiver, and unclean hands.

5. This action is barred in whole or in part because PJS did not suffer any damages.

Twitter reserves the right to supplement these affirmative and other defenses as discovery progresses.

## JURY TRIAL DEMANDED

Twitter demands trial by jury on all counts triable thereto.

## PRAYER FOR RELIEF

WHEREFORE, Twitter respectfully requests that this Honorable Court:

A. Enter judgment in Twitter's favor on all claims in the Complaint;

B. Award Twitter its attorneys' fees and costs; and

C. Grant such other relief as may be just and proper.

| | |
|---|---|
| Date: June 14, 2023 | Respectfully Submitted,<br>X CORP., successor in interest to named Defendant TWITTER, INC.<br><br>By its attorneys,<br>BERNSTEIN SHUR, SAWYER & NELSON, P.A.<br><br>*/s/ Edward J. Sackman*<br>Edward J. Sackman, N.H. Bar #19586<br>Matthew J. Miller, N.H. Bar #271594<br>670 N. Commercial Street, Suite 108<br>P.O. Box 1120<br>Manchester, New Hampshire 03105<br>(603) 623-8700<br>nsackman@bernsteinshur.com<br>mmiller@bernsteinshur.com |